## IN THE COURT OF APPEALS OF IOWA

No. 16-0792
Filed June 29, 2016

**IN THE INTEREST OF S.M., K.M., C.M., AND A.M.,**
**Minor children,**

**S.T., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Sac County, Adria Kester, District Associate Judge.

A mother appeals the termination of her parental rights to her four children, claiming termination is not in the best interests of the children. **AFFIRMED.**

Elizabeth D. Specketer of Specketer Law Firm, Rembrandt, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Martha A. Sibbel of Law Office of Martha Sibbel, P.L.C., Carroll for minor children.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

The mother of four children appeals the termination of her parental rights, asserting she has a strong bond with the children and termination was not in the children's best interests. While we acknowledge the mother and children have shared a bond in the past, we agree with the district court's finding that termination is in the children's best interests so that they may move forward in a stable placement. We affirm.[1]

**I. Background Facts and Proceedings.**

The family came to the attention of the Iowa Department of Human Services (DHS) on March 18, 2015, when the vehicle the father was driving, with the mother and children as passengers, was stopped for a minor traffic violation. Both parents were intoxicated, and the older children reported details of the violence between the parents during that car ride. The Sac County Sheriff's Office contacted DHS to find a temporary placement for the children as the mother and father were both arrested and charged with four counts of child endangerment. The parties stipulated to the adjudication of the children as being in need of assistance on April 29, and the children remained in foster care. In January 2016, the children were placed with their maternal grandmother.

After the arrest, the mother tested positive for marijuana and later admitted to having a substance abuse disorder, including alcohol dependence. She was offered a variety of reunification services, including a substance abuse evaluation, counseling, and treatment. Although she was initially compliant, she was soon unsuccessfully discharged from treatment. The mother then embarked

---

[1] The father's rights were also terminated; he does not appeal.

on further criminal behavior and was arrested in September 2015, charged with several offenses. Upon the mother's guilty plea to third-degree burglary and second-degree theft, the district court deferred judgment. In January 2016, the mother was arrested on a report of probation violations.

With little progress shown toward reunification with her children, the State filed a petition for termination of the mother's parental rights, which came on for hearing on March 30, 2016. The court granted the State's petition, and the mother appeals.

## II. Standard of Review

We review termination of parental rights proceedings de novo, giving weight to the district court's findings of fact and credibility assessments. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).

## III. Best Interests

The mother does not contest the statutory grounds under Iowa Code section 232.116(1) (2015) upon which the district court terminated her rights.[2] Instead, her sole issue on appeal is whether termination is in the children's best interests under section 232.116(2), asserting she shares "a close bond" with the children, which militates against termination. *See* Iowa Code § 232.116(2) (noting the court, when considering terminating the rights of a parent, is to "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child"), (3)(c) (providing one of the

---

[2] The district court terminated the mother's parental rights under Iowa Code section 232.116(1)(b), (e), and (h) (only as to the two younger children).

exceptions to termination is the court's finding termination would be detrimental to the child due to the closeness of the parent-child relationship).

At the time of removal in March 2015, the children were ages seven, four, (nearly) two, and eleven months. The DHS case manager testified at the termination hearing that initially the mother maintained contact with the children through supervised visitations. However, the visits soon became sporadic, and she has not seen the children since September 2015. The mother acknowledged her absence from the children's lives but testified she had recently begun having a once-a-week, fifteen-minute phone call with them.

At the time of the termination hearing, the mother remained in jail and testified she was facing the possibility of going to prison. She acknowledged she was not presently able to provide a safe and stable environment for the children. The grandmother testified that the older children frequently mention their mother and hold out some hope they will be reunified. However, the record does not support the mother's assertion that she has such a "close bond" to the children so as to preclude termination.

Woven into the mother's "best interests" argument is an assertion that because placement of the children is with their maternal grandmother, termination is unnecessary. *See* Iowa Code § 232.116(3)(a) (providing the court need not terminate if a relative has legal custody of a child). After the district court found the mother unavailable to care for the children, it then determined, "the physical, mental, and emotional condition and needs of the children can be best met by termination" of the mother's parental rights. We agree. Section 232.116(3)(a) is not an obstacle to termination. Although the children are placed

with their maternal grandmother, who is willing to adopt them, DHS retains their legal custody. As the DHS case manager testified, "[F]or a while [the grandmother] was very protective of [the mother] as well, but she has come to recognize that the children are the only ones that deserve her protection and her devotion and are completely her priority." *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (stating that a child's safety and the child's need for a permanent home are the "defining elements" in determining a child's best interests). As we agree with the district court's findings, we affirm the termination of the mother's parental rights.

**AFFIRMED.**